PETER A. JOHNSON, Respondent, v. CONRAD MYER
AND CHARLES H. WATSON, Appellants.

*Action against bail — execution against the person — to what county it should be issued.*

A defendant in an action for libel was arrested in Morrisania, Westchester county, where he then resided. Subsequently by an act of the Legislature, Morrisania was annexed to the county of New York. Judgment having been recovered, execution against the property of the defendant was issued to the sheriffs of the counties of New York and Westchester, and upon their return unsatisfied an execution against his person was duly issued to the sheriff of New York, and by him returned to the effect that defendant could not be found.

In an action against the bail, *held,* that it was not necessary to issue an execution against the person to the sheriff of Westchester county, as at the time of the issuing thereof the defendant did not reside therein.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

*F. G. Salmon,* for the appellants.

*T. C. Cronin,* for the respondent.

DYKMAN, J. :

This is an action on a bail bond, given to procure the discharge of the principal from arrest in an action for libel. At the time of the execution of the bond, the principal resided in the town of Morrisania, Westchester county, and the arrest was there made. In January, 1874, the town of Morrisania was annexed to the county of New York by an act of the Legislature. Judgment was obtained in favor of the plaintiff in the main action in March, 1874, which was docketed in the counties of New York and Westchester, and execution against the property of the defendant was issued to the sheriffs of both those counties and returned unsatisfied. An execution was also issued against the person of the defendant to the sheriff of the county of New York, returnable within sixty days after its receipt by the sheriff, to which the sheriff made return that the defendant could not be found. This

execution was received by the sheriff on the 21st day of May, 1874, and returned by him on the 5th day of June, 1874, which was not less than fifteen days after its receipt. No execution against the person of the principal defendant was issued to the sheriff of Westchester county ; and now it is claimed that no recovery can be had against the bail for that reason. Sections 596 and 597 of the Code of Civil Procedure seem to embody the former provisions of the Revised Statutes on this subject, and to regulate actions against bail on arrest.

These two sections provide substantially that an action cannot be brought against bail, until an execution against the property of the defendant has been issued to the sheriff of the county in which he was arrested, and returned by that sheriff wholly or partially unsatisfied ; and an execution against the person of the defendant has been issued to the same sheriff and by him returned not less than fifteen days after its receipt, to the effect that the defendant could not be found within his county.

In this case no execution against the body of the defendant was issued to the sheriff of the county in which he was arrested, and that is relied upon to defeat a recovery. Was that necessary ? All the other requirements of these sections were complied with.

The legislative object, in requiring the issuing of an execution against the body of the defendant to the sheriff of the county in which the arrest was made, was in the interest of the bail to secure his arrest, or a return that he could not be found in the county, as he would usually be arrested in the county of his residence, the presumption would be that he still continued there, and could be arrested and brought in by the same sheriff. This presumption in this case is now overthrown by the act of the Legislature in placing the town of his residence out of the county of his arrest and into the county of New York. His residence was no longer in Westchester county, and an execution to the sheriff of any other county of the State would be as likely to produce the body of the defendant as one to that county. It would be a mere idle ceremony to procure a return that the defendant could not be found in the county of Westchester. Whereas, an execution to the sheriff of New York county would be likely to reach the body of the defendant because that was

then the county of his residence. The issuing an execution to that county complied with the spirit and intention of the law and was a fulfillment of its requirements. It was most likely to produce the body and relieve the bail.

The judgment should be affirmed, with costs.

BARNARD, P. J., and GILBERT, J., concurred.

Judgment affirmed, with costs.